ARRECHE ET AL., PLAINTIFFS AND APPELLEES, *v.* PORTO RICO RAILWAY, LIGHT & POWER COMPANY, DEFENDANT AND APPELLANT.

### APPEAL from the District Court of San Juan in an Action for Damages.

No. 2575.—Decided February 1, 1923.

DAMAGES—NEGLIGENCE—PARTIES—PLEADING—MISJOINDER.—A complaint to recover damages for the death of a minor son as the result of negligence which sets up two causes of action, one by the husband and the other by the wife with the consent of her husband, each praying for judgment, is defective because of misjoinder of parties and of causes of action. In such a case only the father can bring an action in accordance with section 60 of the Code of Civil Procedure.

The facts are stated in the opinion.

*Messrs. J. H. Brown, P. Amado Rivera* and *M. Acosta Velarde* for the appellant.

*Mr. M. Benítez Flores* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an action to recover damages for the death of a child caused by an electric car on November 15, 1917.

The plaintiffs are Eduardo Arreche and his wife, María Prados Arreche, and the defendant is the corporation which owns the tramway. The complaint sets up two causes of action—one by the husband and the other by the wife joined by her husband. The prayer is for a judgment for $12,000 and $10,000, respectively, in favor of the plaintiffs.

The defendant demurred on the grounds of misjoinder of parties and causes of actions and of lack of facts sufficient to constitute a cause of action. The demurrer was overruled. The defendant answered denying each and all of the allegations of the complaint and alleging as an additional defense to both causes of action the negligence of the child, which is chargeable to its parents, the plaintiffs.

The case was brought to trial and a great amount of evidence was examined. Finally the court rendered judg ment against the defendant for the sum of $7,880 in favor of Arreche and for the sum of $7,000 in favor of his wife, with costs and attorney's fees. The defendant appealed.

The appellant assigns twelve errors.

The first refers to the demurrer and covers the questions of misjoinder of parties and causes of action and of lack of facts.

Let us consider the question of misjoinder. The appellants contends that—

"In the amended complaint two causes of action are set up— one by the father and another by the mother—and on this theory the court actually rendered two judgments allowing damages to the father in one sum and damages to the mother in another sum. This is a typical case of misjoinder of parties and of causes of action."

The appellees discuss the question at length in their brief, but contribute nothing substantial for the solution of the problem.

The trial judge expressed himself as follows in his opinion:

"We have no doubt that in this case the father may recover damages for the death of his son under section 60 of the Code of Civil Procedure and also under section 1803 of the Civil Code, and that the mother may likewise recover damages for the death of her son under the provisions of said section 1803 of the Civil Code, for section 60, *supra,* does not prevent or limit her right of action."

Section 1803 of the Civil Code provides that "a person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done." That statute is the same as article 1902 of the Spanish Civil Code. In applying it the Supreme Court of Spain and the Supreme Court of Porto Rico have held that under it damages actually caused by the death of a person through the fault or negligence of another may be recovered. See the judgment of the Supreme Court of Spain of December 14, 1894, 76 *J. C.* 483, and that of the Supreme Court of Porto Rico in *Díaz* v. *San Juan Light & Transit Co.,* 17 P. R. R. 64, 69.

In 1904 the Legislature of Porto Rico adopted a Code of Civil Procedure of purely American origin. Sections 60 and 61 thereof read as follows:

"Section 60. A father, or in case of his death, or desertion of his family, the mother, may maintain an action for the injury or death of a minor child, and a guardian for the injury or death of his ward, when such injury or death is caused by the wrongful act or neglect of another. Such action may be maintained against the person causing the injury or death, or if such person be employed by another person who is responsible for his conduct, also against such other person.

"Section 61. When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also

against such other person. In every action under this and the preceding section such damages may be given as under all the circumstances of the case may be just.''

The general rule established in section 1803 was made specific in sections 60 and 61 as to the particular cases provided for in said sections, and as sections 60 and 61 are the specific and more recent expression of the Legislature, they should be applied.

''As the right of action for injuries resulting in death is entirely statutory, such action must be brought in the name of the person or persons to whom the right of action is given by the statute under which the action is brought. Where there is both a general death statute and a statute giving a remedy for wrongful death limited to particular classes of cases, the latter governs in respect to the proper party plaintiff in cases where it controls the right of recovery. Where a preference is given to certain persons by the statute, the action must be brought by the persons entitled in the order of preference.'' 17 C. J. 1262.

This being so, only the father in this case had a right of action and the demurrer on the ground of misjoinder of parties and of causes of action should have been sustained.

For this reason the judgment appealed from must be reversed without the necessity of examining the other assign ments of error; but, referring only to the demurrer it seems proper to say that if we had considered its second ground, perhaps we might have been compelled to sustain it also. The allegations of fact are so lengthy, vague and obscure that in fact they do not establish with sufficient clearness a right of action for damages for the death of the Arreche child.

By virtue of the foregoing the judgment appealed from must be reversed, with leave to amend the complaint within five days from the filing of this judgment in the district court.

*Reversed and remanded.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.